W. Brent Powell, Judge
Thomas Oates was charged with two counts of second-degree murder (conventional murder) and two counts of armed criminal action. A jury convicted Oates of two counts of second-degree murder (felony murder) and two counts of armed criminal action. On appeal, Oates argues the circuit court erred in: (1) refusing to instruct the jury on self-defense as to felony murder; and (2) submitting instructions on felony murder for the second-degree murder counts. The circuit court's judgment is affirmed.
I. Factual and Procedural History
Oates went to a gas station to sell marijuana to a prospective buyer, Darrah Lane, who had arranged the meeting. Oates brought a gun with him. When Oates arrived, he walked over to Lane's vehicle. She was seated in the driver's seat and accompanied by Leon Davis, who sat in the passenger's seat. With the driver's side window down, Oates leaned into the vehicle to discuss the sale and presented a plastic storage container full of marijuana. Lane took the lid off the container, smelled the marijuana, and passed the container to Davis. As Davis examined the marijuana, the parties negotiated the sale. When the parties could not come to an agreement, Oates reached into the vehicle in an attempt to retrieve the marijuana from Davis. At that point, Lane stepped on the vehicle's gas pedal. Oates, caught halfway in the moving vehicle, lunged into the vehicle through the window and fell into the backseat. Oates then shot and killed both Lane and Davis.
Oates was charged with two counts of second-degree murder and two counts of armed criminal action. For the second-degree murder counts, the indictment charged Oates with "conventional murder" rather than "felony murder."[1] The State later filed a notice of intention to submit felony murder as an alternative to conventional murder for the second-degree murder counts with attempted distribution of a *860 controlled substance as the underlying felony. Oates filed a motion to strike the notice. The circuit court overruled the motion but allowed Oates' objection to the submission of felony murder to stand throughout the trial.
At trial, Oates testified that, after he fell into the backseat of Lane's vehicle, Davis pulled out a gun. Believing Davis was going to shoot him, Oates pulled out his own gun and shot Davis. Oates further testified Lane then reached for Davis' gun, and Oates shot her because he believed Lane was going to shoot him.
For the second-degree murder counts, the circuit court instructed the jury on conventional murder, the lesser offenses of voluntary manslaughter and involuntary manslaughter, and, in the alternative, felony murder. At Oates' request, the circuit court instructed the jury on self-defense as to conventional murder, voluntary manslaughter, and involuntary manslaughter. The circuit court, however, refused Oates' request to instruct the jury on self-defense as to felony murder, reasoning self-defense was not a defense to felony murder as a matter of law.
The jury convicted Oates of two alternative counts of felony murder and the accompanying two counts of armed criminal action. Oates filed a motion for new trial, arguing the circuit court erred in refusing to instruct the jury on self-defense as to felony murder and in submitting instructions on felony murder for the second-degree murder counts. The circuit court overruled Oates' motion. Oates appealed and, after opinion, the court of appeals transferred the case to this Court pursuant to article V, § 10 of the Missouri Constitution.
II. Refusing to Instruct on Self-Defense as to Felony Murder
In his first point on appeal, Oates argues the circuit court erred in refusing to instruct the jury on self-defense as to felony murder. This Court has previously held self-defense, as a matter of law, is not a defense to felony murder. See, e.g., State v. Newman , 605 S.W.2d 781, 786 (Mo. 1980) ; State v. Burnett , 365 Mo. 1060,293 S.W.2d 335, 343 (1956). Oates acknowledges these prior holdings but contends they no longer control. Relying on statutory changes to the law of self-defense enacted in 2007, and not previously addressed by this Court, Oates argues he is entitled to claim self-defense for felony murder as a result of the 2007 changes in the law.[2] Oates' argument, however, fails to appreciate that the 2007 changes did not alter the statutory principle in Missouri that self-defense justifies only the use of force and is, therefore, a defense only to prosecution for the use of force. Consequently, where, as here, the prosecution for felony murder is not based on the defendant's use of force but rather the underlying felony of attempting to distribute a controlled substance, self-defense continues, as a matter of law, not to be a defense to felony murder.
Turning to Oates' argument, he cites §§ 563.031.1 and 563.074.1[3] for support. Section 563.031.1, which codifies the justification of self-defense, provides a person may, subject to exceptions, "use physical force upon another person when and to the extent he or she reasonably believes such force to be necessary to defend himself or herself ... from what he or she reasonably believes to be the use or imminent use of unlawful force by such person." In *861 2007, § 563.074.1 was adopted, providing "a person who uses force as described in section[ ] 563.031 ... is justified in using such force and such fact shall be an absolute defense to criminal prosecution or civil liability." (Emphasis added). Also in 2007, an exception to the justification of self-defense was added to § 563.031.1 providing a person may not use self-defense as a justification for the person's use of physical force against another if the person "was attempting to commit, committing, or escaping after the commission of a forcible felony." Section 563.031.1(3) (emphasis added). Because he was not committing a forcible felony when he attempted to distribute a controlled substance, Oates argues § 563.031.1(3) did not preclude self-defense as a justification for his use of force and, therefore, after 2007, self-defense provides "an absolute defense to criminal prosecution" pursuant to § 563.074.1, including prosecution for felony murder.
While Oates is correct that § 563.031.1(3) did not preclude self-defense as a justification for his use of force because he was not committing a forcible felony,[4] self-defense justifies only that-the use of force . This is evident in the plain language of §§ 563.031.1 and 563.074.1, which speak only in terms of the use of force. See § 563.031.1 (providing a person may "use physical force " in self-defense) (emphasis added); § 563.074.1 (providing "a person who uses force [in self-defense] is justified in using such force and such fact shall be an absolute defense") (emphasis added). Because self-defense justifies only the use of force, it is an absolute defense only to prosecution for the use of force, not prosecution for other acts not involving the use of force, such as those constituting a non-forcible felony. See §§ 563.031.1, 563.074.1.
Accordingly, the dispositive question is whether Oates was prosecuted for his use of force, which self-defense could justify, or for a different act not involving the use of force, which self-defense could not justify. When a defendant's use of force causes the death of a person and the State charges the defendant with conventional murder or manslaughter , the criminal act being prosecuted is the defendant's use of force. See §§ 565.021.1(1), 565.023.1(1), 565.024.1(1), RSMo 2000. As such, self-defense is an available justification. See §§ 563.031.1, 563.074.1. Therefore, the circuit court in this case appropriately instructed the jury on self-defense as to conventional murder, voluntary manslaughter, and involuntary manslaughter. But felony murder is different. When a defendant's use of force causes the death of a person and the defendant is charged with felony murder , the criminal act being prosecuted is not necessarily the defendant's use of force.
A person commits felony murder if he or she "commits any felony and, in the perpetration of that felony, another person dies as a result of the perpetration of that felony." State v. Burrell , 160 S.W.3d 798, 803 (Mo. banc 2005) ; see also § 565.021.1(2), RSMo 2000. The underlying felony does not have to involve the use of force. See § 565.021.1(2), RSMo 2000. It does not matter whether the person died as a result of the defendant's or someone else's use of lawful force, unlawful force, or no force at all. It matters only that the person died as a result of the defendant's commission of the underlying felony, without regard to the defendant's role in the fatal act. See id. ;
*862 Burrell , 160 S.W.3d at 803 ("Under Missouri law, a defendant is responsible for any deaths that are the natural and proximate result of the commission of the felony.") (emphasis added); State v. Moore , 580 S.W.2d 747, 752 (Mo. banc 1979) ("Whether the fatal act was done by the defendant, an accomplice, another victim, or a bystander is, under the facts here, not controlling."); State v. Williams , 24 S.W.3d 101, 110 (Mo. App. 2000) ("The purpose of the felony murder rule is to deter the commission of homicides during felonious activity by holding the felon liable for murder, even though the killing may have been committed only recklessly, negligently, or even entirely accidentally."). In other words, unless the underlying felony involves the defendant's use of force, felony murder is not prosecuting the defendant's use of force. Instead, felony murder is prosecuting a different act-the commission of a felony that results in the death of a person.[5] See § 565.021.1(2), RSMo 2000.
Such is the case here. Because Oates' underlying felony for felony murder did not involve the use of force, he was not prosecuted for his use of force. Rather, he was prosecuted for committing a felony (attempting to distribute a controlled substance) that resulted in the death of the victims. Consistent with the statutory definition of felony murder, Oates was not prosecuted for felony murder because it was his use of force that caused the victims' deaths; he was prosecuted for felony murder because he committed a drug felony that resulted in their deaths.
The verdict directors confirm this. For conventional murder, voluntary manslaughter, and involuntary manslaughter, the verdict directors each required the jury to find "the defendant caused the death of [the victim] by shooting [him or her]." Requiring the jury to find Oates shot the victim necessarily required the jury to find Oates used force, evincing prosecution for his use of force. In contrast, the verdict directors for felony murder required the jury to find Oates "committed attempted distribution of a controlled substance," "[the victim] was killed by being shot," and "[the victim] was killed as a result of the perpetration of that attempted distribution of a controlled substance." Most notably, the verdict directors for felony murder did not require the jury to find Oates shot the victim and, therefore, did not require the jury to find Oates used force. Unlike the other verdict directors, the verdict directors for felony murder reflected prosecution for deaths that occurred as a result of a felony, not Oates' use of force.
In short, because self-defense justifies only the use of force, it is a defense only to prosecution for the defendant's use of force. See §§ 563.031.1, 563.074.1. For felony murder, Oates was not prosecuted for his use of force. Therefore, the circuit court did not err in refusing to instruct on self-defense as to felony murder. Point I is denied.
III. Submitting Instructions on Felony Murder
In his second point on appeal, Oates argues the circuit court erred in submitting instructions on felony murder for the second-degree murder counts. Relying on several state and federal constitutional provisions, Oates argues submitting the felony-murder instructions violated his constitutional rights to due process and to be tried for the offenses for which he was *863 charged in that he was indicted only on conventional murder for the second-degree murder counts, and felony murder is not an included offense of conventional murder. When the State filed a notice of intention to submit felony murder as an alternative to conventional murder, Oates filed a motion to strike the notice. Oates' motion to strike, however, did not invoke any of the constitutional provisions on which he now relies. "To preserve a constitutional claim of error, the claim must be raised at the first opportunity with citation to specific constitutional sections." State v. Driskill , 459 S.W.3d 412, 426 (Mo. banc 2015). "If not raised at the first opportunity in the circuit court, a constitutional claim is waived and cannot be raised here." State v. Fassero , 256 S.W.3d 109, 117 (Mo. banc 2008).
Oates' unpreserved constitutional claim is subject to discretionary review only for plain error. See Driskill , 459 S.W.3d at 426. With plain-error review, "the defendant bears the burden of establishing manifest injustice." State v. Baxter , 204 S.W.3d 650, 652 (Mo. banc 2006). As Oates does not even request plain-error review, he has made no attempt to carry this burden. Furthermore, Oates was provided notice of the State's intention to pursue felony murder before trial. Therefore, Oates had the opportunity to prepare a proper defense and was not prejudiced. See State v. Blankenship , 830 S.W.2d 1, 13 (Mo. banc 1992) ; State v. Hendren , 524 S.W.3d 76, 82-83 (Mo. App. 2017). Point II is denied.
IV. Conclusion
The circuit court's judgment is affirmed.
All concur.

The offense of second-degree murder has two different provisions and manners of committing the offense. See § 565.021.1, RSMo 2000. For ease and distinction, this Court will refer to the different provisions and manners as "conventional murder" and "felony murder." A person commits second-degree murder under the conventional murder provision if he or she "[k]nowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." Section 565.021.1(1), RSMo 2000. A person commits second-degree murder under the felony murder provision if he or she "[c]ommits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony or in the flight from the perpetration or attempted perpetration of such felony, another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration of such felony or attempted perpetration of such felony." Section 565.021.1(2), RSMo 2000.

"Statutory interpretation is an issue of law that this Court reviews de novo." State v. Johnson , 524 S.W.3d 505, 510 (Mo. banc 2017) (internal quotations omitted).

Statutory citations are to RSMo Supp. 2011 unless otherwise indicated.

"Forcible felony" is defined as "any felony involving the use or threat of physical force or violence against any individual, including but not limited to murder, robbery, burglary, arson, kidnapping, assault, and any forcible sexual offense." Section 563.011(3).

If the underlying felony involves the defendant's use of force, then a prosecution for felony murder would be a prosecution for the defendant's use of force. However, § 563.031.1(3) precludes self-defense from being an available justification if the defendant was committing a "forcible felony."