

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD36438 |
| | ) | |
| JAMES DARRON BEERBOWER, JR., | ) | **Filed: October 26, 2020** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF REYNOLDS COUNTY

Honorable Kelly W. Parker, Circuit Judge

**<u>AFFIRMED</u>**

When James Darron Beerbower, Jr. ("Appellant") was arrested for an outstanding "no bond warrant" for his arrest, he had in his possession two hydrocodone pills. When asked by the arresting officer if Appellant had any property he would like to leave at his residence, Appellant produced a baggie containing "two white pills with the imprint M 365 on the front." He told the officer those were his antibiotics; however, the officer preliminarily identified the pills as "Acetaminophen and Hydrocodone Bitartrate 325 mg/5mg." At the time of arrest on February 27, 2018, the officer used "drugs.com" to identify the pills; subsequently, one pill was lab tested and found to be a combination of

1

hydrocodone and acetaminophen. A few days later, while in jail, Appellant told the officer that the pills may have been some he bought "off of the Woods [family] down at Webb Creek." Jacob Woods confirmed that Appellant had bought the pills from him for about $6.00 each. The jury found Appellant guilty and the court sentenced him to seven years' imprisonment.

We have before us a very narrow issue—whether the denial of evidence of Appellant's prescription for a stronger dose of hydrocodone eight years earlier was an abuse of discretion. The first hurdle for Appellant is that he is appealing from the granting of a motion in limine. He did not make an offer of proof at any time in the trial. Appellant contends that his failure to make the offer of proof comes within an exception under *State v. Woods*, 357 S.W.3d 249, 253 (Mo.App. W.D. 2012): (1) there must be a complete understanding based on the record of what the excluded testimony would have been, (2) the objection must be to a category of evidence rather than specific testimony, and (3) the record must reveal that the evidence would have helped its proponent.

It is the third component that fails to pass muster. Appellant claims his 2010 hydrocodone prescription was logically relevant "because it made less probable the existence of the fact of his knowledge that the character and nature of the 2018 substance marked 325 milligrams was actually hydrocodone." The problem is that Appellant stated to the officer that the "hydrocodone" that he possessed was purchased from "the Woods family." As the trial court stated:

> I fail to see how a prescription from 2010 for a different milligram pills [sic], although it's the same substance, is in any way relevant or material to the issues in this case. If you had a valid prescription it would be a different story. The motion in limine . . . is sustained. Defense counsel is not to mention the prescription from 2010[.]

2

The trial court specifically told defense counsel that she could offer the 2010 prescription as an offer of proof and the court would rule on it "at the appropriate time depending on how the evidence comes in." Appellant never made an offer of proof. We cannot discern from Appellant's argument at what point an appropriate offer of proof would be relevant. For this reason, we reject Appellant's claim that an eight-year-old prescription for the same medication but in a different strength would have helped him and decline to invoke any exception to the rule that "to preserve a claim of improperly excluded evidence, 'the proponent must attempt to present the excluded evidence at trial, and if it remains excluded, make a sufficient offer of proof.'" ***State v. Michaud***, 600 S.W.3d 757, 761 (Mo. banc 2019) (quoting ***State v. Hunt***, 451 S.W.3d 251, 263 (Mo. banc 2014)).

Likewise, for the same reasons, we decline to review for plain error. Our standard of review was set forth in ***State v. Brandolese***, 601 S.W.3d 519, 525-26 (Mo. banc 2020):

> Generally, this Court does not review unpreserved claims of error. *State v. Cella*, 32 S.W.3d 114, 117 (Mo. banc 2000). Rule 30.20 alters the general rule by giving appellate courts discretion to review "plain errors affecting substantial rights may be considered in the discretion of the court . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), and Rule 30.20). "The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review." *State v. Nathan*, 404 S.W.3d 253, 269 (Mo. banc 2013). "The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014). Unless manifest injustice or a miscarriage of justice is shown, an appellate court should "decline to review for plain error under Rule 30.20." *Id.* at 196. Finally, "the defendant bears the burden of demonstrating manifest injustice entitling him to" plain error review. *State v. Oates*, 540 S.W.3d 858, 863

(Mo. banc 2018) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)).

Simply put, Appellant cannot show a "manifest injustice or miscarriage of justice has resulted" from the evidence being excluded.  Point I is denied.  The judgment is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs