

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI,        )
                                )
     Plaintiff-Respondent,    )
                                )
v.                          )      No. SD37201
                                )
STEPHEN GREGORY PERRY,   )     **Filed:  May 24, 2022**
                                )
    Defendant-Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Thomas E. Mountjoy

### REVERSED AND REMANDED WITH DIRECTIONS

Stephen Gregory Perry ("Defendant") was charged as a predatory sexual offender with first-degree statutory sodomy.  At the close of the evidence, and before submitting the case to the jury, the judge found that the evidence adduced at trial established that Defendant had previously committed an act that would constitute child molestation in the first degree. Based upon that finding of fact, the judge drew the legal conclusion that Defendant qualified as a predatory sexual offender under section 566.125.5(2).[1]  The case was then submitted to the jury, and it found Defendant guilty of the charged offense of first-degree statutory sodomy.  Defendant had previously waived jury-sentencing, and the judge sentenced

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016.

Defendant -- as a predatory sexual offender -- to an enhanced minimum sentence of mandatory life imprisonment and set his eligibility for parole at 25 years.[2]

Defendant's sole point on appeal claims the circuit court plainly erred in sentencing him as a predatory sexual offender because the jury – not the judge – was required to find that Defendant had previously committed an act that would qualify him as a predatory sexual offender. The State concedes that the circuit court plainly erred, and we agree.

**Analysis**

Defendant's point asserts:

> The trial court plainly erred[3] in finding and sentencing [Defendant] as a "predatory sexual offender" in violation of his right to due process of law and the right to have the jury find all the facts necessary to punish [Defendant] . . . , in that the jury was required to find that he "previously committed an act which would constitute" the class B felony of child molestation in the first degree and not the judge because this fact increased the range of punishment and added additional punishments. This error was evident, obvious, and clear, because Missouri Approved Charges 2.30, Missouri Approved Instruction 420.16, and well-settled Supreme Court of the United States case law requires this fact to be submitted to the jury, and defense counsel objected on this basis at trial. This error resulted in a manifest injustice because the trial court had no authority to label [Defendant] as a predatory sexual offender nor set a minimum amount of time before [Defendant] could be eligible for parole.

*Standard of Review & Governing Law*

> "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (internal quotation omitted). Under this standard, "the defendant bears the burden of

---

[2] In sentencing a defendant convicted of child molestation that does not qualify as a predatory sexual offender, the sentencing judge is not involved in setting a minimum time that must be served before parole may be granted. Further, "in no event shall a person found to be a predatory sexual offender receive a final discharge from parole." Section 566.125.6.

[3] Although Defendant timely objected at trial that the judge could not find him to be a predatory sexual offender without having the jury find the facts necessary to prove his previous, uncharged criminal conduct, Defendant failed to include that complaint in his motion for new trial. *See State v. Walter*, 479 S.W.3d 118, 123 (Mo. banc 2016) (for an error to be considered preserved, and thereby eligible for more than plain error review, it must be objected-to at trial *and* included in a motion for new trial).

establishing manifest injustice" amounting to plain error. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018). "Being sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Russell*, 598 S.W.3d 133, 136 (Mo. banc 2020) (quoting *State v. Severe*, 307 S.W.3d 640, 642 (Mo. banc 2010)); *see also* Rule 30.20.

***State v. Yount***, 642 S.W.3d 298, 300 (Mo. banc 2022).

As relevant here, a predatory sexual offender is a person who has previously committed child molestation, whether or not the act resulted in a conviction. Section 566.125.5(2), .4. "A person found to be a predatory sexual offender shall be imprisoned for life with eligibility for parole," . . . and "the court shall set the minimum time required to be served before a predatory sexual offender is eligible for parole[.]" Section 566.125.6, .7.

Here, the State charged Defendant with first-degree statutory sodomy for placing his hand on the genitals of A.V., a child less than twelve years old. The range of punishment for that offense is a minimum of ten years and a maximum of life imprisonment. Section 566.062.2(1). The State also alleged that Defendant was a predatory sexual offender under section 566.125.5(2), punishable by a mandatory term of life imprisonment, because in 2008, Defendant had engaged in conduct against K.C. that would constitute the crime of first-degree child molestation.

The State presented evidence at trial that Defendant had previously touched the vagina of K.C., a six-year-old girl. During an instruction conference, the State asked the judge to rule that Defendant qualified for an enhanced sentence as a predatory sexual offender.[4] In response, Defendant objected that

> this attempt to enhance the sentence by having the Court make a finding is improper procedure and unconstitutional because . . . *United States v.*

---

[4] Pursuant to section 558.021, there are also mandatory procedures the court must follow in order to find that a defendant qualifies as a predatory sexual offender. *See* section 558.021.1(1) – (3), and .2. Those procedures are not at issue in this case.

3

> *Apprendi* [ ] requires a jury finding of guilt beyond a reasonable doubt for anything that would enhance a sentence beyond the range submitted by law for the offense itself.

The judge disagreed and concluded that

> [the predatory sexual offender statute is] modeled after and basically the same type of statutory scheme as is used in other legislation: statutes that enhance, such as persistent felony offenders and dangerous offenders, prior offenders, things of that nature. Those are clearly under Missouri statutory scheme issues that are to be determined by the Court in any given case[.]
>
> . . . .
>
> [Defendant] is a predatory sexual offender under [s]ection 566.125[ ] and punishable by a sentence to an extended term of life imprisonment with the Court to set a minimum time required to be served before eligibility for parole, conditional release, or other early release, which minimum time shall be between 10 and 30 years, . . . in that on or about August 1, 2008, and November 7, 2008, [Defendant] committed the crime of a Class B felony of child molestation in the first degree in that he knowingly subjected K.C. . . . , a child less than 14, to sexual contact by touching K.C.'s . . . genitals.

During sentencing, the circuit court found that, "as a result of trial by jury of the felony of statutory sodomy in the first degree as a predatory sexual offender, that [Defendant] is, pursuant to statute, sentenced to life imprisonment with eligibility for parole" and set Defendant's eligibility for parole at 25 years.

The conclusion was wrong because "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). "Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

4

Because Defendant was never convicted of first-degree child molestation against K.C., the fact that such a prior child molestation had occurred was an element that had to be submitted to and decided by the jury.[5]  *Id.; see also* MAI-CR 4th 420.16, Notes on Use 6 ("If the state charges that defendant is a predatory sexual offender based on prior conduct, it is necessary to both plead the conduct and to submit the conduct to the jury.  The jury must make a finding thereon before the punishment range can be enhanced").

Manifest injustice resulted from the circuit court's plain error as Defendant's punishment was enhanced from a minimum sentence of ten years (the minimum punishment for first-degree statutory sodomy) to a minimum sentence of life imprisonment under the predatory sexual offender statute, the sentence rendered him ineligible for parole for 25 years, and it made him ineligible to *ever* receive a final discharge from parole supervision. *See Alleyne*, 570 U.S. at 103.

Defendant's sentence is reversed, the circuit court's designation of Defendant as a predatory sexual offender is vacated, and the case is remanded to the circuit court for resentencing within the unenhanced range of punishment for first-degree statutory sodomy set forth in section 566.062.2(1).

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[5] While neither party has cited it, **State v. Johnson**, 524 S.W.3d 505 (Mo. banc 2017), is instructive on this issue, although its facts are inapposite.  In **Johnson**, the Court held that the defendant's constitutional rights were not violated when *both* the judge and the jury found that the defendant had committed the predicate acts that allowed him to be sentenced as a predatory sexual offender.  *Id.* at 512-13.  Here, only the judge made that finding.