

# Missouri Court of Appeals

## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38352 |
| | ) | |
| v. | ) | **Filed: December 2, 2024** |
| | ) | |
| TODD JOHN MAYES, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

Honorable David B. Mouton, Judge

## <u>AFFIRMED</u>

Todd John Mayes ("Mayes") appeals his jury trial convictions of murder in the second degree and armed criminal action. In one point relied on, he claims the trial court abused its discretion in permitting the police detective ("Detective") who interviewed Mayes in a recorded video which was played to the jury, to subsequently testify and demonstrate to the jury how Mayes held the murder weapon when he shot Victim. Because Mayes' point is not preserved, we may review for plain error only. We decline to review for plain error and affirm the trial court's judgment.

### Facts and Procedural History

Mayes shot and killed Victim after she threw a bottle at him. He was charged with first-degree murder and armed criminal action. At jury trial, the sole issue was whether Mayes was acting in self-defense.

During the State's case in chief, the State played the interrogation video of Detective interviewing Mayes, in which Mayes was asked to demonstrate how he held the gun when he shot Victim. Mayes first demonstrated with both hands outstretched. Later in the video, he demonstrated how he held the gun using only his right hand.

Thereafter, the State called Detective to testify and adduced the following testimony:

> [Prosecutor:] At any point, did [Mayes] demonstrate to you how he was holding the gun?
>
> [Detective:] There's a couple of times during the interview where he -- he shows me -- he extends both hands and then there's another time in the interview where he only extends one hand.
>
> [Prosecutor:] Okay. Could you just show the jury what he demonstrated to you how he held the gun?
>
> [Defense Counsel:] *Objection, Your Honor. I think the video speaks for itself on this.*
>
> THE COURT: I'll allow it. Objection overruled.
>
> [Detective:] He -- the initial time he -- when he mentioned pointing the gun, he put both hands up in this motion here (demonstrating). Later he brings up -- he pointed -- he points with just one (demonstrating).

(Emphasis added).

Following the close of the evidence, the jury found Mayes guilty of the lesser included offense of second-degree murder and armed criminal action. This appeal followed.

Mayes argues the trial court abused its discretion in permitting Detective to answer the State's question about what was on the video because Detective's testimony was cumulative to the video which was the best evidence, and the testimony unfairly bolstered the State's case.

2

## Standard of Review

"[T]o properly preserve a matter for appellate review, the objection at trial must be specific, and the point raised on appeal must be based on the same theory as that presented at trial." ***State v. Thomas***, 590 S.W.3d 441, 444 (Mo. App. S.D. 2019) (quoting ***State v. Sykes***, 480 S.W.3d 461, 465 (Mo. App. S.D. 2016)). Mayes' current claims on appeal are different than the objection lodged below: Mayes' objection at trial was that the interview "speaks for itself," whereas Mayes' current claims on appeal are that Detective's testimony was cumulative, not the best evidence, and improper bolstering. As such, Mayes current argument is not preserved for appeal.[1]

Generally, this Court does not review unpreserved claims of error. ***State v. Cella***, 32 S.W.3d 114, 117 (Mo. banc 2000). Rule 30.20 alters the general rule by giving appellate courts discretion to review "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20 Missouri Court Rules (2024). "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" ***State v. Clay***, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting ***State v. Brown***, 902 S.W.2d 278, 284 (Mo. banc 1995)). "The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review." ***State v. Nathan***, 404 S.W.3d 253, 269 (Mo. banc 2013). "The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." ***State v. Jones***, 427 S.W.3d 191, 195 (Mo.

---

[1] As the State correctly points out, Mayes' objection below was untimely, in that defense counsel did not object to Detective's now-challenged testimony until after Detective testified about how Mayes indicated in the interview the manner in which he held the gun. ***State v. Blurton***, 484 S.W.3d 758, 774 (Mo. banc 2016) ("A trial court's ruling on an objection is preserved for appellate review only if the objection was timely or the party timely moved to strike the answer.").

banc 2014) (internal quotation and citation omitted). Unless manifest injustice or a miscarriage of justice is shown, an appellate court should "decline to review for plain error under Rule 30.20." *Id.* at 196. Finally, "the defendant bears the burden of establishing manifest injustice" entitling him to plain error review. *State v. Oates*, 540 S.W.3d 858, 863 (Mo. banc 2018) (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)).

## Analysis

We decline to review Mayes' point for plain error because his claimed error does not facially establish substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted. *See State v. Kent*, 693 S.W.3d 202, 204 (Mo. App. S.D. 2024) (declining to engage in plain-error review where the appellant's claim failed to facially establish substantial grounds for believing that a manifest injustice or a miscarriage of justice had occurred where the challenged evidence was cumulative to other properly admitted evidence).

## Conclusion

We decline to review for plain error, and affirm the judgment of the trial court.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS