

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,    )
    )
    Plaintiff-Respondent,    )
    )
vs.    )    No. SD35296
    )
ROGER DUTCHER,    )    **Filed: March 25, 2019**
    )
    Defendant-Appellant.    )

APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable Neal R. Quitno, Special Judge

## AFFIRMED

Roger Dutcher ("Appellant") was convicted by a jury of two counts of sodomy, committed upon the younger child ("Victim") of his former girlfriend and housemate; Victim was nine years old at the time the abuse began.[1]  Appellant brings three points on appeal; however, we will begin with the third point for ease of discussion.  Appellant complains in his third point that "propensity" evidence was admitted erroneously and that

---

[1] Victim was born in February of 2001.  The Second Amended Information references time frames of abuse between March and August 2010, and between August 2010 and June 2011.  At the time the abuse began in March 2010, Victim was nine years old.

the evidence was unfairly prejudicial.[2] Appellant complains that the State devoted the majority of the case to the propensity evidence, they did not do it in a dispassionate way, the jury was allowed to speculate that Appellant was not charged for this alleged crime, and the propensity evidence overshadowed the evidence of the charged crime. The problem with Appellant's point and argument is that it was not preserved because it was not presented to the trial court in his motion for new trial. As a result, we cannot address the merits of Appellant's arguments. "An issue is not preserved for appellate review if the issue is not included in the motion for a new trial." *State v. Clay*, 533 S.W.3d 710, 718 (Mo. banc 2017).

In his motion for new trial, the only possible claims of error which relate to the testimony of Victim's sister are contained in two paragraphs. Paragraph number 5, which claims, "The Trial Court erred in allowing the testimony of [Victim] and T.L.T. as their credibility was insufficient and therefore the Court should have ruled in favor of the Defendant and entered a Judgment of Acquittal at the close of State's evidence and at the close of all evidence." Appellant also claimed, in paragraph number 8, "The Trial Court erred in allowing the propensity evidence from T.L.T. which was not credible and bolstered the testimony of [Victim] the alleged victim even though T.L.T.'s previous statements were inconsistent at best."

Neither of these claims in the motion preserve Appellant's current claim that the propensity evidence was unfairly prejudicial. Although we acknowledge that Appellant did not have the benefit of *State v. Williams*, 548 S.W.3d 275 (Mo. banc 2018), the constitutional provision clearly states, "The court may exclude relevant evidence of prior

---

[2] Evidence regarding Victim's older sister was adduced via her own testimony and that of other family members. She testified that Appellant engaged in similar conduct with her when she was younger (10) but she only talked about it years later because her younger sister had told what happened to her.

criminal acts if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." Mo. Const.art.1, § 18(c). Each of Appellant's claims in Point III is a claim that the probative value was substantially outweighed by the danger of unfair prejudice; however, at the end of the trial, the trial court did not have an opportunity to make an assessment of that claim because it was not before it. We cannot convict the trial court of error when the issue was not presented to it. Point III is denied.

Appellant's remaining two complaints involve Jury Instructions 7 and 6 because he complains that these verdict directors failed to specify a particular incident or instruct the jurors that they must unanimously agree on the same incident. Appellant complains that both of the jury instructions were not specific enough to allow a unanimous jury to find him guilty of the offense because there were multiple allegations; however, he did not object to the instructions and seeks plain error review.[3] He cites to *State v. Celis-Garcia*, 344 S.W.3d 150, 155-56 (Mo. banc 2011), for the proposition that "[a] multiple acts case arises when there is evidence of multiple, distinct criminal acts, each of which could serve as the basis for a criminal charge, but the defendant is charged with those acts in a single count." "In such cases, the possibility exists that jurors follow the trial court's instructions, yet individually choose differing instances of the crime on which they base the conviction, violating the defendant's right to a unanimous verdict." *State v. Armstrong*, 560 S.W.3d 563, 570 (Mo.App. E.D. 2018). *Celis-Garcia* does not assist Appellant.

The acts were repeated, identical, non-distinct acts of abuse within the time periods alleged in the respective verdict directors so the jurors had no evidentiary basis on which to distinguish between the identical acts, and there was no risk that the jurors

---

[3] Appellant's counsel affirmatively told the trial court that he had no objections to the form of instructions.

could have based the convictions on different underlying criminal acts. *State v. Walker*, 549 S.W.3d 7, 11-12 (Mo.App. W.D. 2018); *State v. Armstrong*, 560 S.W.3d at 572-74. We find no error, plain or otherwise, in either of the Instructions. Points I and II are also denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. – Opinion Author

Don E. Burrell, P.J. – Concurs

Gary W. Lynch, J. – Concurs