

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
v. ) No. SD37278
)
CHRISTOPHER STEPHENS FORD, ) **Filed: September 6, 2022**
)
    Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable David A. Cole

**<u>AFFIRMED</u>**

Christopher Stephens Ford ("Defendant") appeals his convictions for one count of

second-degree robbery and one count of resisting arrest.[1]  Defendant does not challenge

the sufficiency of the evidence to sustain his convictions.  Defendant's sole point on

appeal claims the circuit court committed plain error when it "permitt[ed]" the prosecutor

to cross-examine Defendant by urging him to look at a Dollar General website to see if

the store stocked a particular product.

---

[1] *See* sections 570.025 and 575.150.  A jury found Defendant guilty as charged, and the circuit court
sentenced him as a prior felony offender and persistent misdemeanor offender to serve consecutive
sentences of fifteen years imprisonment on the robbery conviction and four years on the resisting-arrest
conviction.  Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2017.

1

Because Defendant fails to carry his burden to facially establish substantial grounds to believe that the alleged error resulted in a manifest injustice or miscarriage of justice, we deny plain-error review and affirm the judgment of the circuit court.

**Background**

On March 2, 2020, Walmart employees saw Defendant come out of some nearby bushes, pull off a tarp that had been covering him, and walk into the store. The employees called 9-1-1 when they recognized Defendant from a Facebook post that identified him as a suspect in a kidnapping case. After donning a "hoodie" that he had picked up in the menswear section of the store, Defendant ran for the exit. When he did so, Defendant encountered three Walmart employees who were standing at the front of the store with the intent to keep Defendant from leaving the store before the police could arrive. When one of the employees asked Defendant if she could help him with anything, Defendant kicked her in the knee and headbutted another employee. Defendant then ran out of the store, followed by uniformed police officers who were chasing him and ordering him to stop.

When police arrested Defendant, they found an unopened package of Oreos and a Bic lighter in the front of his pants. Police verified that Walmart sold these same items, and Walmart accepted the return of those items as a return of its merchandise.

Defendant testified in his own defense at trial, and he claimed that the box of Oreos was in his hoodie and were half-eaten. He also said that he had purchased those Oreos from a Dollar General store the previous day.

During the prosecutor's cross-examination of Defendant, the following exchange about the Oreo cookies took place.

2

| | |
|---|---|
| [Prosecutor:][2] | Here is a website for Dollar General that has their products on it. Go ahead and find us the Oreo fudge covered cookies on there. |
| [Defense Counsel]: | Judge, I am going to object to that. He is not a Dollar General employee. |
| [Defendant:] | I don't know this website. How do you know this website has every single thing for every Dollar General store has [sic]? Is it the Mt. Vernon one? |
| [Prosecutor]: | You agree we won't find it on there, correct? |
| [Defendant:] | I don't know. I don't agree at all. |
| [Prosecutor:] | Go ahead and look then if you don't agree. |
| [Defense Counsel]: | Judge, I am objecting to him using his cell phone. He can't even enter it into evidence. |
| [The Court]: | Okay. I think this is improper, [Prosecutor]. |

We will recite additional evidence as necessary to address Defendant's point on appeal.

**Analysis**

Defendant's sole point claims the circuit court plainly erred in overruling his objection and "permitting" the prosecutor to approach Defendant on cross-examination with a cellphone purporting to display a Dollar General website and ask Defendant to "go ahead and find us the Oreo fudge covered cookies on there[,]" arguing that the prosecutor's actions constituted improper impeachment, was inadmissible hearsay, and required Defendant to prove his innocence, which shifted the burden of proof to Defendant and constituted "outrageous prosecutorial misconduct[.]" We disagree.

---

[2] Although it is not explicitly noted in the transcript, we presume that this is the point at which the prosecutor offered a cellphone to Defendant to use it to review Dollar General's website.

The State's Amended Information charged Defendant with second-degree robbery for forcibly stealing "Oreos and a Bic lighter owned by Wal-Mart and in the course thereof caused physical injury to another [sic] persons."

Police officers testified at trial that they found the "Oreo [f]udge covered cookies stuffed in the front of [Defendant's] pants[.]" Officers stated that the cookies were still sealed in an unopened box. Defendant testified in his own defense at trial, and he claimed that he had purchased the Oreos from Dollar General the night before and had already eaten half of the cookies that were in the box.

We first note that Defendant's point is not preserved for appeal. Defendant volunteered his answers before the circuit court could rule on defense counsel's first objection, and none of the reasons Defendant includes in his point as to why the interchange was improper were presented to and ruled on by the circuit court at trial. Thus, these new error-claims may only be reviewed for plain error under Rule 30.20.[3] *See* **State v. McMillon**, 644 S.W.3d 281, 285 (Mo. App. W.D. 2022).

> "Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017) (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995), and Rule 30.20). "The plain language of Rule 30.20 demonstrates that not every allegation of plain error is entitled to review." *State v. Nathan*, 404 S.W.3d 253, 269 (Mo. banc 2013). "The plain error rule is to be used sparingly and may not be used to justify a review of every point that has not otherwise preserved for appellate review." *State v. Jones*, 427 S.W.3d 191, 195 (Mo. banc 2014).
>
> **State v. Brandolese**, 601 S.W.3d 519, 526 (Mo. banc 2020)

---

[3] Unless otherwise indicated, all rule references are to Missouri Court Rules (2021).

4

Defendant refused to agree with the prosecutor's assertion that Dollar General did not sell fudge-covered Oreos, and he did not take the prosecutor's phone to review what it might have displayed. Further, the exchange presented defense counsel with an opportunity to turn it in Defendant's favor by arguing to the jury that the State would certainly have presented evidence that Dollar General did not sell fudge-covered Oreos if it were true, and the prosecutor's stunt with his phone was an attempt to cover over the absence of that important evidence. On this record, Defendant failed to meet his burden to facially establish that the exchange resulted in a manifest injustice or miscarriage of justice. *See **Id**.*

Plain-error review is denied, and the judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS