

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | |
|---|---|
| STATE OF MISSOURI, | ) No. ED112204 |
| | ) |
| Respondent, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable Bruce F. Hilton |
| CORTEZ CAVES, | ) |
| | ) |
| Appellant. | ) Filed: November 19, 2024 |

### Introduction

Cortez Caves ("Caves") appeals his convictions of two counts of first-degree murder, three counts of armed criminal action, two counts of unlawful use of a weapon, and one count of first-degree assault. Caves' sole point on appeal contends the trial court plainly erred in allowing a detective ("Detective"), who investigated the crimes, to convey to the jury what the surveillance videos portrayed. Specifically, Caves argues Detective had no expertise rendering him more qualified than the jurors to identify the vehicles or defendants in the surveillance videos. This Court holds Caves waived plain error review as counsel actively invited and acquiesced to Detective's testimony.

Accordingly, the judgment of the trial court is affirmed.

## Factual and Procedural Background

On December 9, 2019, Caves and his codefendant were involved in two different shootings. As part of the investigation, Detective collected four surveillance videos from different locations surrounding the crime scenes, including one from Jennings Middle School. The State charged Caves with eight offenses in connection with the shootings. Prior to trial, the parties stipulated to the admission of the four surveillance videos.

At trial, Detective testified about the contents of the surveillance videos. While the Jennings Middle School surveillance video was played for the jury, he discussed "point[s] of evidentiary interest." The points included the movements of the victims' and defendants' vehicles. At one point during his testimony, Detective requested to look at his report to recall the "next piece of evidentiary value." Caves had no objection to Detective's request. When Detective testified about one of the victim's vehicles in the video, Caves requested the trial court allow Detective to "point on the screen" to ensure the jury could see what he was referencing. The trial court granted Caves' request and allowed Detective to "walk over" and "point to where he [was] speaking." Caves did not object to any of Detective's testimony.

During deliberations, the jury requested to watch the Jennings Middle School surveillance video "in a slower motion" and zoomed in like they viewed it in the courtroom. The trial court allowed the jury to view the surveillance tape in slow motion, but denied their request to watch it zoomed in. The jury found Caves guilty of two counts of first-degree murder, three counts of armed criminal action, two counts of unlawful use of a weapon, and one count of first-degree assault. The trial court sentenced Caves to two consecutive terms of life imprisonment without the possibility of parole for the two first-degree murder counts and six concurrent terms of 15 years on the remaining counts.

This appeal follows.

**Standard of Review**

Caves failed to object during Detective's testimony and failed to include the issue raised on appeal in his motion for new trial. As such, Caves concedes his point on appeal was not properly preserved and requests plain error review. "Generally, this Court does not review unpreserved claims of error." *State v. Jackson-Bey*, 690 S.W.3d 181, 186 (Mo. banc 2024) (quoting *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020)). However, we have discretion to review plain errors. *Id.* "Plain error review is a two-step process." *State v. Jasso,* 688 S.W.3d 804, 808 (Mo. App. E.D. 2024). The first step requires determining "whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted." *Id*. (citation and internal quotations omitted). "All prejudicial error, however, is not plain error, and plain errors are those which are evident, obvious, and clear." *State v. Vitale*, 688 S.W.3d 740, 746 (Mo. App. E.D. 2024) (citation omitted). If plain error is found under the first step, the court must then proceed to the second step and "determine whether the claimed error resulted in manifest injustice or a miscarriage of justice." *Id.* "Plain error review applies 'when no objection is made due to inadvertence or negligence.'" *Jackson-Bey*, 690 S.W.3d at 187 (quoting *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009)). A party waives plain error review "when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence." *Id.* (quoting *Johnson*, 284 S.W.3d at 582).

**Discussion**

In his sole point on appeal, Caves asserts the trial court plainly erred in permitting Detective to tell the jury what was happening in the surveillance videos because no showing was made indicating Detective was more qualified or experienced than the jurors to identify the vehicles or defendants in the surveillance videos. This Court finds Caves invited and acquiesced to Detective's testimony of which he now complains. Thus, Caves waived plain error review.

"The concept of waiver in a criminal case is generally limited to self-invited errors." *State v. Nickels*, 598 S.W.3d 626, 634 (Mo. App. E.D. 2020). "[U]nder the doctrine of self-invited error, [a] party cannot complain on appeal about an alleged error in which that party joined or acquiesced…." *State v. Gee*, 684 S.W.3d 363, 372 (Mo. App. W.D. 2024) (citation omitted). "[T]his Court will not use plain error to impose a *sua sponte* duty on the trial court to correct [a] [d]efendant's invited errors." *Nickels*, 598 S.W.3d at 634 (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)). Accordingly, this Court "will not charge the trial court with plain error for a defendant's self-invited errors." *Id.*

On appeal, Caves takes issue with Detective's testimony while the four surveillance videos were played to the jury. However, except for the Jennings Middle School surveillance video, Caves fails to develop an argument explaining how Detective's testimony during the showing of the other three surveillance videos resulted in manifest injustice or a miscarriage of justice, which is required to reverse his convictions under plain error review. "It is not within the province of this court to decide an argument that is merely asserted but not developed." *White v. Camden Cnty. Sheriff's Dept.*, 106 S.W.3d 626, 631–32 (Mo. App. S.D. 2003) (citation omitted). Therefore, we do not analyze the conclusory, undeveloped arguments related to the three surveillance videos played during Detective's testimony and only address Caves' argument related to the Jennings Middle School surveillance video. *See id.*

Caves contends "the jury was having … issues" seeing what was occurring in the Jennings Middle School surveillance video "since they requested over and over to view the … tape in slow motion" during deliberations. Caves further asserts the jurors were "left with Detective['s] [] opinion about what happened" and "the admission of his testimony on this subject resulted in a manifest injustice and miscarriage of justice."

Looking to Detective's testimony during the Jennings Middle School surveillance video, the record shows Detective told the jury what they "[would] be seeing" as he described "point[s] of evidentiary interest." During Detective's direct examination, Caves invited Detective to clarify "point[s] of evidentiary interest" to the jury by requesting the trial court allow Detective to "point on the screen." In fact, the record supports Caves wanted Detective to point on the screen because he "[didn't] know if the jury [could] see" when Detective described a "car backed into the driveway" of "the victim's residence." Caves also stated he had no objection to Detective referencing his report to recall the significance of the "next piece of evidentiary value." By asking Detective to point on the screen and affirmatively stating he had no objection to Detective referencing his report to testify further, Caves invited and acquiesced to Detective's testimony. Caves cannot now seek plain error reversal.

Accordingly, because Caves invited and acquiesced to Detective's testimony as to what the surveillance video depicted, he waived plain error review. *See Gee*, 684 S.W.3d at 372.

Caves' sole point on appeal is denied.

### Conclusion

The judgment of the trial court is affirmed.

_____
Michael S. Wright, Judge

John P. Torbitzky, P.J. and
Robert M. Clayton III, J. concur.

5