

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,               )
                                 )
    Plaintiff-Respondent,       )
                                 )
v.                               )    No. SD37678
                                 )
STEPHEN GREGORY PERRY,           )    **Filed:  July 25, 2023**
                                 )
    Defendant-Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

### **AFFIRMED**

In May 2021, a jury found Stephen Gregory Perry ("Defendant") guilty of committing statutory sodomy in the first degree against a child less than twelve years old, and the circuit court imposed a sentence of life in prison with eligibility for parole. *See* section 566.062.[1]  Defendant appealed his conviction and sentence, and in ***State v. Perry***, 645 S.W.3d 713 (Mo. App. S.D. 2022), we upheld his conviction but reversed and vacated his life sentence on the ground that the circuit court erroneously sentenced him as

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017.

1

a predatory sexual offender. *Id.* at 717.[2]  Upon remand, the circuit court again imposed a life sentence.[3]

In this current appeal, Defendant claims in a single point that the circuit court plainly erred in sentencing him to the maximum term of life in prison for first-degree statutory sodomy

> in violation of his right to due process and his right to be free from a cruel and unusual punishment as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 21 of the Missouri Constitution in that, after considering the offense and the offender, the [circuit] court's sentence of life in prison is plainly and grossly disproportionate.[[4]]

"Plain error review is discretionary, and this Court will not review a claim for plain error unless the claimed error 'facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted.'" *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020) (quoting *State v. Clay*, 533 S.W.3d 710, 714 (Mo. banc 2017)).  Unless manifest injustice or a miscarriage of justice is shown, a reviewing court should decline plain error review. *Id.*  The defendant bears the burden of establishing manifest injustice entitling him to plain-error review. *Id.*

Defendant acknowledges that his life sentence is within the statutory range of punishment for the unenhanced offense of first-degree statutory sodomy.  *See* section 566.062.2(1) (providing the authorized term of life imprisonment or a term of imprisonment not less than ten years).  Yet Defendant argues, without citation to any

---

[2] Life imprisonment is the minimum sentence required for a predatory sexual offender.  Section 566.125.6. Without the enhancement, life imprisonment is the maximum sentence allowed.  Section 566.062.2(1).
[3] A term defined by statute as 30 years.  Section 558.019.4(1).
[4] As Defendant does not challenge the sufficiency of the evidence to sustain his conviction, or cite cases in which lesser sentences were given for similar acts, we need not describe the conduct that resulted in his conviction.

controlling legal or factual support beyond the general principle that "the punishment for a crime must be proportional to both the offender and the offense[,]" *State ex rel. Carr v. Wallace*, 527 S.W.3d 55, 59 (Mo. banc 2017) (citing *Miller v. Alabama*, 567 U.S. 460, 469-70 (2012)), that we should nonetheless conclude that his life sentence was grossly disproportionate to his offense.

Appellate courts give great deference to punishments set by the legislature, and "[w]hen the sentence imposed is within the range prescribed by statute, it cannot be judged excessive[.]" *State v. Mubarak*, 163 S.W.3d 624, 631 (Mo. App. S.D. 2005). No facial manifest injustice appearing, we decline plain-error review.

The judgment of the circuit court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS